THERESA HESTERBERG *v.* THE EQUITABLE LIFE INSURANCE CO.

A policy of life insurance contained in the premium clause the words "in consideration of the quarterly premium of $30.24, to be paid on or before the 28th day of November, February, May, and August," and in the payment clause, "the balance of the year's premium, if any, being first deducted."

Hesterberg v. Equitable Life Insurance Co.

*Held,* that the contract was for a yearly premium in quarterly installments, and the death occurring subsequent to the August payment, a deduction of the subsequent November, February, and May installments should be allowed.

RESERVED TO GENERAL TERM.

*Stallo & Kittredge,* for plaintiff.

*Sage & Hinkle,* contra.

HAGANS, J.   This is an action on a policy of life insurance for $2,000, dated August 31, 1866; and the only dispute is as to the amount of the recovery.   The question arises on the following clauses of the policy: "In consideration . . . of the sum of Thirty $\frac{24}{100}$ Dollars, to them paid by . . . Theresa Hesterberg, wife of Henry Hesterberg, *and of the quarterly premium of Thirty $\frac{24}{100}$ Dollars, to be paid* on or before the 28th days of November, February, May, and August in every year during the continuance of this policy, do assure the life of the said Henry Hesterberg . . . in the amount of Two Thousand Dollars, etc.   And the said society do agree to pay the amount of said assurance . . . in sixty days after due notice and proof of the death, during the continuance of this policy, of the said person whose life is hereby assured as above, *the balance of the year's premium, if any, being first deducted therefrom.*"

The quarterly premium, due August 28, 1869, was paid, and on the 10th November, 1869, Hesterberg died.

The court found that the defendant was not entitled to deduct the premiums due November 28, 1869, February 28, 1870, and May 28, 1870, and rendered judgment for the balance.   Motion for a new trial was made, and reserved for hearing to this court.

The plaintiff claims that the quarterly premium of August 28, 1869, being paid in advance, nothing was due the company, and she was entitled to recover the full amount of the policy.   The defendant claims that the year's pre-

mium unpaid, amounting to $90.72, must, under the terms of the policy, be deducted; and this is the question to be determined.

It is very evident that the quarter's premium due November 28, 1869, was not payable until after the assured deceased. We think, however, that the very evident purpose of the contract was to assure the deceased for a yearly premium to be paid in quarterly installments. *Debitum in præsenti, solvendum in futuro.* As we think this to be so, all difficulty in construing the contract disappears.

The motion for new trial will be granted; and judgment may be taken here, according to our opinion.